UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :

TASHICA PICKERING,                           :

                                Plaintiff,         :

                  -v-                        :        20-CV-6055 (JMF)

                                                :            <u>ORDER</u>

LM INSURANCE CORPORATION,      :

                                Defendant.  :

------------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

       On August 4, 2020, this action was removed from the Supreme Court of New York, County of Bronx, by Liberty Mutual Insurance Company. Liberty Mutual Insurance Company asserted that jurisdiction in this Court was proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See* ECF No. 1, ¶ 6. After Liberty Mutual Insurance Company filed a motion to dismiss, *see* ECF No. 9, on September 18, 2020, Plaintiff filed an amended complaint naming LM Insurance Corporation ("LM Insurance"), not Liberty Mutual Insurance Company, as the sole Defendant. *See* ECF No. 16.

       For purposes of the diversity statute, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation's principal place of business is the location of its "nerve center," namely where its "officers direct, control, and coordinate the corporation's activities"). The amended complaint, however, alleges neither LM Insurance's state of incorporation nor its principal place of business. As a result, it is not clear whether there is still complete diversity between the parties, as required for subject-matter jurisdiction.

       It is well established that "subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Where a case is removed from state court pursuant to 28 U.S.C. § 1332 and an amended complaint is thereafter filed that destroys complete diversity, remand is required. *See Maller v. Rite Aid Corp.*, No. 1:14-CV-0270, 2016 WL 1275628, at *3-4 (N.D.N.Y. Mar. 31, 2016).

       Accordingly, it is hereby ORDERED that, on or before **October 6, 2020**, plaintiff shall amend her amended complaint to properly allege the citizenship of defendant LM Insurance

Corporation.  If Plaintiff fails to do so or the amended complaint reveals that the parties are not completely diverse — and Plaintiff fails to show cause by the **same date** why the case should not be remanded — the action will be remanded to the Supreme Court of New York, County of Bronx, without further notice to either party.

In light of the fact that Plaintiff no longer brings claims against Liberty Mutual Insurance Company, *see* ECF No. 16, Liberty Mutual Insurance Company's motion to dismiss, ECF No. 9, is hereby DENIED as moot.  The Clerk of Court is directed to terminate ECF No. 9, to terminate Liberty Mutual Insurance Company as a party, and to modify the docket and caption in this case to conform to the caption on this Order.

SO ORDERED.

Dated: September 22, 2020  
      New York, New York

                                             JESSE M. FURMAN  
                                          United States District Judge